IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| **American Federation of Teachers**, *et al.*,<br><br>        Plaintiffs,<br><br>   **v.**<br><br>**U.S. Department of Education**, *et al.*,<br><br>        Defendants. | **Civil Case No. 1:25-cv-00628** |

## <u>PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE</u>

Just days after the Department of Education's Office of Civil Rights issued a February 14, 2025, Letter upending federal funding for educational institutions and causing widespread irreparable harm, Plaintiffs American Federation of Teachers ("AFT"), American Sociological Association ("ASA"), and American Federation of Teachers-Maryland brought this case to challenge the Letter's constitutionality under the First and Fifth Amendments and legality under the Administrative Procedures Act.

Plaintiff AFT-Maryland, along with Plaintiffs AFT and ASA—national organizations with Washington D.C. headquarters—had a choice between two appropriate venues: Maryland and the District of Columbia. They chose one that was not only permissible under 28 U.S.C. 1391(e), but reasonable. They chose Maryland.

As one of the first three entities to challenge the Letter in court, AFT-Maryland sought relief for its 18,000 members—who immediately began to suffer harms due to the Letter—in their

home district. To be sure, the harms alleged in the Complaint are not unique to Maryland. The Letter was communicated broadly and has caused, and continues to cause, significant harm nationwide, including to the more than 1.8 million members represented by Plaintiffs AFT and ASA in this litigation. But the case has to be brought somewhere and, ideally, it should not be litigated everywhere.

Plaintiffs provide this response to the Court's March 5, 2025, Order, Dkt. 16, to "SHOW CAUSE as to why this lawsuit should be heard in Maryland." First, Plaintiffs address the Court's statements regarding AFT-Maryland and the lack of allegations regarding "any particularized injury to the Maryland chapter distinct from the national chapter." *Id*. Second, Plaintiffs discuss this Circuit's four-factor framework under § 1404(a) to address the ultimate question presented by the Court's order: whether the Court should retain or transfer the case. Plaintiffs appropriately chose to file in the District of Maryland, but should the court determine under this Circuit's precedent that the interests of justice are best served by the case proceeding in federal court in the District of Columbia, Plaintiffs, in the interest of judicial economy, would not object to such transfer.[1]

## I.    Plaintiffs' Claims Were Properly Filed in Maryland under Rule 8(a) and 28 U.S.C. 1391(e)

Venue is proper in Maryland pursuant to 28 U.S.C. § 1391(e)(1). American Federation of Teachers-Maryland is a union that represents Maryland educators with headquarters in Windsor Mill, Maryland. Compl. at 1, ¶ 25. Defendants here are a federal agency and two federal officials

---

[1] As discussed further below, Plaintiffs do oppose a transfer to the District of Oregon, which would not have been a proper venue when AFT, ASA, and AFT-Maryland filed this case on February 25, 2025, and which is vastly outweighed by both Maryland and the District of Columbia in this Circuit's four-factor test.

each sued in their official capacity. Compl. at ¶¶ 20-22. Nothing more is required to establish proper venue. *See, e.g.*, 28 U.S.C. § 1391(e)(1) (venue is proper where "a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity … or an agency of the United States" and a "plaintiff resides if no real property is involved"). This is particularly true at this early stage of the litigation, where Plaintiffs need not put forward anything more than a "short and plain statement of the claim showing that the pleader is entitled to relief," which "does not require detailed factual allegations." *In re GNC Corp.*, 789 F.3d 505 (4th Cir. 2015) (citing Fed. R. Civ. P. 8(a)(2) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (cleaned up).

AFT-Maryland represents more than 18,000 members, the vast majority of whom are pre-K through higher education teachers, faculty, and other school-related personnel and professional staff in Maryland. Dkt. No. 1, Compl. at ¶ 19. The organization, chartered in 1973, encompasses 13 local unions, including the Baltimore Teachers Union, the Maryland School for the Deaf Faculty & Staff Association, and United Academics Maryland.[2] AFT-Maryland is an independent legal entity—not a chapter of another organization—created under a constitution and bylaws, with its own budget, programs, board of directors, and staff. AFT-MD has direct connections to and relationships with Maryland professors, teachers, and school professionals through its local unions. AFT-Maryland maintains an affiliation with the American Federation of Teachers (among other affiliations), and the two organizations work together on projects in Maryland and at the national level.

All three of the original plaintiffs—AFT-Maryland, AFT, and ASA—are membership organizations asserting claims on behalf of their members. They represent educators in different

---

[2] *See About Us*, AFT-Maryland, https://perma.cc/5HC9-ZGWE (accessed Mar. 7, 2025).

capacities, but the nature of the harm their members experience is very similar, *see, e.g.*, Amd. Compl ¶¶ 75-77, 99-101, 104, 115-116, 119, 122-125, 127-128, 130-134, 136-141 (pleading Plaintiffs' harms collectively in compliance with the pleading standard). The harms alleged in each of these paragraphs specifically pertain to members of AFT-Maryland, just as they specifically pertain to AFT's and ASA's members. The contrast between those allegations and the ones presented on behalf of Eugene School District 4J are explained by the differences between them as types of plaintiffs. While the underlying facts that led to this case are identical and the harms are interrelated, Eugene School District 4J is presented with threats and harms as the steward of an educational system.

Before filing suit, AFT-Maryland issued a statement addressing the Letter, describing it as "threatening federal funding for educational institutions," a "far-reaching attempt to undermine" them, and a move that "stokes more division and fear in our classrooms."[3] The statement goes on to explain that the Letter "attacks the freedom of every student in Maryland and across the country" and will harm "the students that we teach and the educators we represent across Maryland."[4] The harms being suffered in Maryland are very real. Just last week, the Attorney General of Maryland, along with attorneys general of 13 other states and the District of Columbia, issued Joint Guidance[5] in response to "the U.S. Department of Education's 'Dear Colleague' letter and FAQ document

---

[3] *AFT Maryland President Sounds the Alarm on Education Department Directive that "puts students at risk and comes at the cost of their education,"* AFT- Maryland, https://perma.cc/N4RQ-RZU6 (accessed, Mar. 9, 2025).

[4] *Id.*

[5] Letter from The Attorneys General of Illinois et al. to Institutions of Higher Education and K-12 Schools (Mar. 5, 2025), https://perma.cc/BDB9-YTMS.

targeting diversity policies and programming in schools."[6] Next week, Plaintiffs anticipate filing a motion for a preliminary injunction and will put forward additional assertions and representative evidence of harm that has occurred in Maryland to support that motion.

## II.    Under 28 U.S.C. § 1404, either this Court or the District of Columbia would be an appropriate and convenient venue.

Plaintiffs reiterate that venue was and is proper in Maryland. However, the Court has questioned whether under 28 U.S.C. § 1404(a), this District may not be "the most appropriate or convenient venue for this case to proceed." Dkt. 16. A court may elect to transfer the case if it determines such transfer to be appropriate "[f]or the convenience of parties and witnesses[ or] in the interest of justice." 28 U.S.C. § 1404(a). If doing so, the Court may transfer to "any other district or division where [the case] might have been brought." *Id.* Here, the original Plaintiffs could have filed the case in either the District of Columbia or Maryland District Court,[7] and thus both serve as a possible, and appropriate, venue for this case.[8]

---

[6] Press Release, Anthony G. Brown, Maryland Attorney General, Attorney General Brown Issues Multistate Guidance for Schools on Diversity, Equity, Inclusion, and Accessibility Initiatives (Mar. 5, 2025), https://perma.cc/7453-XJQW.

[7] Plaintiffs February 25, 2025, Complaint was filed by AFT-Maryland, American Federation of Teachers, and American Sociological Association. As the Court notes, AFT and ASA both "reside" in the District of Columbia for purposes of the venue analysis. *See* Compl. (caption); *supra,* Sec. I. Because Eugene School District 4J was not an original plaintiff in this matter, the case could not have been originally filed in the District of Oregon. *See* 28 U.S.C. § 1391(e)(1).

[8] Should the Court determine that venue is most appropriate in the District of Maryland, Plaintiffs wish to notify the Court of another pending case in the District that concerns the termination of federal education funding, names overlapping defendants, and brings similar claims. Plaintiffs do not assert that the cases are related for the purpose of the Court's related case doctrine, but note only for the Court's consideration and awareness if the Court determines that transferring the case within the District is the most appropriate course in the interest of judicial efficiency. That case, *American Association of Colleges for Teacher Education v. Carter*, 25-cv-702, challenges the Department of Education's termination of certain education-related grants. Both this case and that one bring Fifth Amendment Due Process Vagueness and

"The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Popejoy v. BAE Systems*, No. DKC-09-2308, 2009 WL 10727955 (D. Md. Oct. 6, 2009). To that end, courts in this Circuit consider four factors to inform decisions whether to transfer a case: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Srvs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).

The Fourth Circuit has said that "a plaintiff's choice of venue is entitled to substantial weight in determining whether transfer is appropriate." *Id.* (citation omitted). This is particularly true where the chosen forum is the plaintiff's home." *Kukich v. Electrolux Home Prods., Inc.*, No. ELH-16-3412, 2017 WL 345856, at *7 (D. Md. Jan. 24, 2017). AFT-Maryland and the other original plaintiffs chose to bring this matter in the District of Maryland, and that choice is due "substantial weight" in making the determination. However, the weight afforded to this factor may be lessened in certain circumstances, including if a plaintiff does not oppose a transfer. *Bell v. CSX Transp., Inc.*, No. No. JKB-18-00744, 2024 WL 4905614, *2 (D. Md. Nov. 26, 2024). Here, if the Court determines for the interest of justice that the matter needs to be transferred, Plaintiffs, in the interest of judicial economy, would not oppose a transfer to the District of Columbia.[9]

---

Administrative Procedures Act claims, and both name Acting Secretary of Education Denise Carter and the Department of Education as defendants. *See* Compl., *AACTE v. Carter*, No. 25-cv-702, Dkt. No. 1 (filed Mar. 3, 2025). That case is pending before Judge Rubin. It bears repeating that Plaintiffs are not asserting that the two cases are or should be formally "related," merely that the two matters concern somewhat similar considerations and legal issues.

[9] The factor weighs heavily in favor of retaining venue in Maryland if the Court is considering a transfer to Oregon, which Plaintiffs oppose, as venue in either the District of Columbia or this Court is more convenient for most of the Plaintiffs.

The second factor evaluates witness convenience and access. As the Court rightly noted in the Order to Show Cause, Dkt. 16, there may well be evidence and witnesses from across the country. However, any witnesses put forth by AFT-Maryland will almost certainly be Maryland-based, just as any witnesses put forth by Eugene School District 4J will almost certainly be Oregon-based. And witnesses other than those put forward by those two plaintiffs may be anywhere in the country.

The third factor assesses convenience for the parties. All venues are convenient for these Defendants. *Stafford v. Briggs*, 444 U.S. 527, 542 (1980) (describing the legislative history behind § 1391(e) and noting that Congress intended "to provide nationwide venue for the convenience of individual plaintiffs in actions which are nominally against an individual officer but are in reality against the Government"). Maryland is certainly the most convenient for AFT-Maryland, just as Oregon would be the most convenient for Eugene School District 4J. The other two plaintiffs' membership spans the nation, but both organizations are headquartered in the District of Columbia, making venue in Maryland or the District of Columbia more convenient for a majority of the Plaintiffs.

Finally, while there is "no exhaustive list" of relevant factors, when considering interest of justice, courts consider "public interest factors aimed at systemic integrity and fairness… the avoidance of inconsistent judgments, relative docket congestion, and comparative knowledge of the applicable law" are all appropriate factors to consider. *See Bell*, 2024 WL 4905614, *2. As discussed above, Plaintiffs moved rapidly to file their complaint shortly after issuance of the Letter and appropriately chose to do so in Maryland. The harms identified in the original complaint were general, as permitted under the relevant the pleading standard, but also specific to Maryland, *supra* Sec. I. And while venue in the District of Columbia is proper in almost all civil cases against federal

government defendants, the District Court for the District of Columbia is not the exclusive venue for challenges to federal policies that apply nationwide.[10] Nor does the federal district court in the Capital have unique knowledge of applicable law, despite hearing many cases concerning Administrative Procedure Act claims.

As the District of Maryland stated in *Bell*, courts can consider a range of factors that may contribute to the interest of justice, and Plaintiffs defer to the Court as to its assessment of how factors like docket congestion and comparative knowledge of applicable law contribute to a determination of the "most appropriate or convenient venue" here.

## **CONCLUSION**

For the foregoing reasons, venue under 28 U.S.C. § 1391 was proper in Maryland from the inception of this case. Should the Court determine, after applying this Circuit's framework for assessing whether to transfer a case under 28 U.S.C. § 1404(a), to transfer the case to the District of Columbia as a more appropriate or convenient venue, Plaintiffs would make no objection.

---

[10] *See, e.g.*, *HIAS Inc. v. Trump*, 985 F.3d 309 (4th Cir. 2021) (upholding an injunction of a "categorical policy" concerning refugee resettlement that applied nationwide in a case originally filed in the District of Maryland); *Am. Coll. of Obstetricians and Gynecologists v. Fed. Drug Admin.*, 506 F. Supp. 328 (D. Md. 2020) (allowing injunction of nationally applicable Food and Drug Administration rule related to medication abortion in a case originally brought in the District of Maryland); *see also, e.g.*, *New Jersey v. Trump*, No. 25-1170, 2025 WL 759612 (1st Cir. Mar. 11, 2025) (allowing a "universal" injunction prohibiting enforcement of a change to "long-established" federal policy in a case originally filed in the District of Massachusetts); *Nebraska v. Su*, 121 F.4th 1 (9th Cir. 2024) (allowing states to proceed with challenge to agency rule increasing minimum wage for federal contractors across the country in a case originally filed in District of Arizona); *Alabama v. U.S. Sec' of Educ.*, No. 24-12444, 2024 WL 3981994 (11th Cir. Aug. 22, 2024) (administratively staying enforcement of a rule interpreting Title IX in a case originally filed in the Northern District of Alabama).

Dated: March 12, 2025                          Respectfully submitted,

                                               /s/ Victoria S. Nugent

                                               Victoria S. Nugent
                                               Madeline H. Gitomer +
                                               Brooke Menschel +
                                               Rachel F. Homer**+
                                               Andrew Bookbinder**
                                               Kali Schellenberg*
                                               Democracy Forward Foundation
                                               P.O. Box 34553
                                               Washington, DC 20043
                                               (202) 448-9090
                                               vnugent@democracyforward.org
                                               mgitomer@democracyforward.org
                                               bmenschel@democracyforward.org
                                               rhomer@democracyforward.org
                                               abookbinder@democracyforward.org
                                               kschellenberg@democracyforward.org

                                               *Counsel for Plaintiffs*
                                               + Application for full admission pending
                                               ** Admitted *Pro hac vice*
                                               **Pro hac vice* application forthcoming

## <u>CERTIFICATION OF SERVICE</u>

I, Victoria S. Nugent, hereby certify that this document, filed through the ECF system, was also sent electronically, via email, on March 12, 2025 to Alex Haas, alex.haas@usdoj.gov, Diane Kelleher, diane.kelleher@usdoj.gov, and John Griffiths John.Griffiths@usdoj.gov, at the U.S. Department of Justice Federal Programs Branch.

*/s/* Victoria S. Nugent_____

Victoria S. Nugent (Bar No. 15039)

Counsel for Plaintiffs
