IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMERICAN FEDERATION OF
TEACHERS, *et al.*

    Plaintiffs,

  v.

UNITED STATES DEPARTMENT OF
EDUCATION, *et al.*

    Defendants.

Case No. 1:25-cv-00628-SAG

**DEFENDANTS' POSITION ON ORDER TO SHOW CAUSE[1]**

Defendants U.S. Department of Education, *et al.*, by and through counsel, Kelly O. Hayes, United States Attorney for the District of Maryland, and Ariana Wright Arnold, Assistant United States Attorney for said District, hereby provide this Memorandum to address the Plaintiffs' Response to the Court's March 6, 2025 Order to Show Cause. ECF 16, 18.

For the reasons that follow, the Defendants share the Court's concerns that (1) the Amended Complaint in this Administrative Procedure Act (APA) case contains no specific facts whatsoever regarding harm occurring in the state of Maryland, and merely identifies AFT's Maryland Chapter, without identifying any particularized injury; and that (2) Maryland is not the most convenient or appropriate venue for this case. ECF 16, citing 28 U.S.C. § 1404(a).

In addition to the factors identified by the Court, Defendants also note that: (1) neither the American Federation of Teachers nor AFT-Maryland is licensed or authorized to do business in

---

[1] The submission of this filing does not acknowledge or concede that venue in Maryland is proper, that Plaintiffs have properly served Defendants as required to establish personal jurisdiction over the Defendants; rather, Defendants hereby reserve, and specifically do not waive any arguments as to Venue, Service, Jurisdiction, or any other matters that could be raised under Rule 12 of the Federal Rules of Civil Procedure in response to the Complaint.

Maryland; they hold no active charter and have named no corporate representative here; (2) the additional facts proffered in Plaintiffs' response to the Show Cause order are not an effective means to Amend the Complaint, which fails to plead specific facts regarding harm occurring in Maryland; and (3) the convenience of the parties and interests of justice favor transfer.  For these reasons, venue is improper in Maryland, and transfer is appropriate.

I.      **Venue in this APA Case Is Not Proper In Maryland**

Plaintiffs cite to FRCP 8 and 28 U.S.C. §1391(e)(1) in support of their claim that venue is proper in Maryland.  They contend that their allegation that AFT-Maryland "resides" in Maryland is sufficient under basic Rule 8 pleading standards, to establish venue. Even if that were true, this Court's letter of March 5, 2025, at ECF 16, clearly requires more.

Plaintiffs then cite to the general venue statute at 28 U.S.C. §1391(e), and contend that the "residence" of one of the organizational Plaintiffs in Maryland, is sufficient to establish venue in Maryland. There are two problems with this assertion.

*First*, venue is proper in any judicial district where (1) a defendant resides, (2) a substantial part of the events or omissions giving rise to the claim arose or occurred, or (3) where the plaintiff resides.[2] 28 U.S.C. § 1391(e). Plaintiffs contend that AFT-Maryland is a union with headquarters in Windsor Mill, Maryland. ECF 18 at 2, citing Compl. at ¶ 25.  They also contend that AFT-Maryland is an "independent legal entity – not just a chapter of another organization. ECF 18 at 3. However, they do not cite to any paragraph of the Complaint or Amended Complaint in support of this contention, and merely refer to conclusory language from their own webpage. ECF 18 at 3

---

[2]     Under §1391(c)(2) residency of an entity *with the capacity to sue and be sued in its name*, if a plaintiff, occurs only in the judicial district in which it maintains its *principal place of business*.  Under Maryland, Rule 2-202(a), applicable substantive law governs the capacity to sue or be sued of an individual, *corporation*, *association*, or other entity.

n. 2.³

A review of records in the Maryland State Department of Assessment and Taxation (SDAT) database contradicts their claims. Neither AFT-Maryland, nor the American Federation of Teachers is currently registered or licensed to do business in Maryland. *See* State SDAT Records at **Exhibit 1**. As a "local office" without a legal presence in Maryland, AFT-Maryland does not "reside" in Maryland and cannot maintain this action in its own name. *See, e.g., Alloways v. Multiserv N. Am.,* No. RDB-10-cv-03372, 2012 WL 346468, at *3 (D. Md. Feb. 1, 2012) (unincorporated branch office of a national organization, who is not even licensed to do business in Maryland, and is not registered to do business in Maryland simply does not have the capacity to sue and be sued in its own name); *Raytheon Company v. ITT Corporation*, 2013 WL 5450414, at *1 (E.D.Tex. Sept. 30, 2013) (division of a company could not maintain action in their own name since they were not a separate legal entity).

*Second*, with respect to §1391(e)(1)(2), an examination of where the "claims arose" also counsels against venue in Maryland. In an APA action, courts generally focus on where the decision-making process occurred. *Western Watersheds Project v. Tidwell*, 306 F. Supp. 3d 350, 359 (D.D.C. 2017) citing *Nat'l Ass'n of Home Builders v. EPA*, 675 F.Supp.2d 173, 179 (D.D.C. 2009). As such, venue is proper in Maryland, only if "a substantial part of the events or omissions giving rise to the claim occurred" here. 28 U.S.C. § 1391(e)(1). This is especially true where, as here, the Plaintiffs challenge a "department-wide" policy or practice of a federal agency with a

---

³ There are a number of "facts" presented in Plaintiffs' response to the Show Cause order which are not contained in the Amended Complaint. These new allegations simply cannot be used to establish venue. *See Mid-Atlantic Chemicals Corp. v. Shaw Industries, Inc*., 2006 WL 174256, *3 n. 4 (D.Md. 2006) (a plaintiff may not amend a complaint through a legal memorandum).

nationwide impact. *See Garcia v. Acosta*, 393 F. Supp. 3d 93, 108-09 (D.D.C. 2019).[4] Plaintiffs' response to the Show Cause concedes that their Maryland members are impacted *in precisely the same manner* as those in other states: such harms "specifically pertain to members of AFT-Maryland, just as they specifically pertain to AFT's and ASA's members." Indeed, the only Maryland-specific facts in Plaintiffs' show cause response are references to a press release issued by AFT-Maryland and another issued by Maryland Attorney General Anthony G. Brown. (ECF 18 at 4, 5). Neither of these references suffices to *plead facts in the Amended Complaint* which demonstrate "any particularized injury to the Maryland Chapter distinct from the national chapter… or any of the multitude of AFT chapters in the other 49 states" as requested in this Court's Show Cause Letter.   As such, Plaintiffs cannot demonstrate proper venue in Maryland.

II.     **The Balance of Factors in 28 U.S.C. §1404 Weigh In Favor of Transfer**

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought or to which all parties have consented. As discussed above, Maryland is not a proper forum for this action, and it should not have been filed in Maryland.[5]

---

[4]     Where the decision being challenged had national implications, and was made in D.C., the plaintiffs failed to stablish a "substantial part of" the events at issue occurred in the N.D.Ill.: (1) notices were issued to businesses in many states; (2) that the challenged policy/ practice did not impact businesses in the N.D.Ill. with any greater frequency; (3) the Secretary of DOL, who was responsible for the policy and practice, resides in the District of Columbia. *Garcia v. Acosta*, 393 F. Supp. 3d 93, 108-09 (D.D.C. 2019).

[5]     Plaintiffs refer the Court to another case filed against the U.S. Department of Education seeking a preliminary injunction in Maryland. ECF 18 at 5, n. 8, citing 25-cv-702-JRR. That case presents a challenge by organizations who allege that their members, some of whom are in Maryland, have had their access to grants terminated, and the government has *also challenged venue* in that case. Moreover, there several cases currently pending in Maryland that seek temporary or preliminary relief from actions or proposed actions by federal agencies. Each involves unique, specifically articulated interests by the Plaintiff's in those cases; none involves the February 14, 2025 "Dear Colleague" letter and subsequent FAQ. The only other such case was filed in the District of New Hampshire, *NEA v. U.S. Dept. of Education*, Case No. 1:25-cv-00091.

The question then becomes, whether and where this matter should be transferred. Ultimately, "whether to transfer is within the district court's discretion." *Bulut v. U.S. Dept. of Homeland Sec.*, No. 23-cv-00995-PX, 2023 WL 5153638, at *1 (D. Md. Aug. 10, 2023); *Maul v Jaddou*, 8:24-2396-AAQ, 2025 WL 775523, at *4 (D. Md. Mar. 11, 2025). When considering transfer courts analyze four factors: (1) the weight accorded plaintiff's choice of venue; (2) witness convenience; (3) convenience of the parties; and (4) the interest of justice. *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).

Addressing those factors in an APA case like this one, where the action will be primary decided on the record, the witness convenience factor is not given great weight. *Melnattur v. U.S. Citizenship & Immigr. Servs.*, No. 20-cv-3013, 2021 WL 3722732, at *7 (D.D.C. Aug. 23, 2021). But the location of the administrative record *may* be given weight. *Maul v. Jaddou*, 8:24-2396-AAQ, 2025 WL 775523, at *4 (D. Md. Mar. 11, 2025) citing *Chakrabarti v. U.S. Citizenship and Immigr. Servs.*, No. 21-cv-1945-PJM, 2021 WL 4458899, at *4 (D. Md. Sept. 29, 2021). Here, the administrative record is in D.C. at the Agency headquarters, where the decision was made.

With respect to a plaintiff's chosen forum, where a plaintiff chooses to bring suit in a forum where they do not reside, as they have done here, the "decision to sue in [that] venue does not carry significant weight." *Id*. Where plaintiffs do not "reside" in Maryland, they enjoy no convenience in litigating their claim here. *Maul*, at *6. Finally, with respect to the final factor, the interests of justice, Plaintiffs concede the weight of that factor is "lessened" in certain circumstances, including where a plaintiff does not oppose the transfer. ECF 18 at 6. Plaintiffs then note that should the Court determine that the interests of justice weigh in favor of transfer, they would not oppose a transfer to the District of Columbia. ECF 18 at 6.

## CONCLUSION

For the reasons set forth in the Court's Show Cause letter of March 5, 2025, as well as those set forth above, venue is improper in Maryland, and this case should be transferred.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _____/s/_____
Ariana Wright Arnold
USDC Md Bar No. 23000
Assistant United States Attorney
36 S. Charles St., 4th Floor
Baltimore, Maryland 21201
(410) 209-4813 Ph
(410) 962-2310 Fax
Ariana.Arnold@usdoj.gov

*Counsel for Defendants*

### CERTIFICATE OF SERVICE

The forgoing Response was efiled and thereby served on counsel of record via ECF.

_____/s/_____
Ariana Wright Arnold
Assistant United States Attorney