**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES DISTRICT JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812<br>MDD_SAGchambers@mdd.uscourts.gov |

March 24, 2025

<u>LETTER ORDER</u>

   Re: <u>American Federation of Teachers, *et al.* v. Department of Education, *et al.*</u>
     Civil Case No. SAG-25-628

Dear Counsel:

  On March 5, 2025, after reviewing Plaintiffs' Amended Complaint, this Court issued a show cause order to Plaintiffs, seeking additional information regarding whether Maryland is the most convenient forum for this action to be heard. ECF 16. In response, Plaintiffs maintain that venue lies in Maryland and that Maryland is the most appropriate forum for this lawsuit. ECF 18. The Government, by contrast, argues that venue in Maryland is entirely improper. ECF 21. Citing an unpublished case from this district, and a published case from an out-of-circuit district, the Government suggests that Plaintiffs cannot use American Federation of Teachers – Maryland ("AFT–MD") to establish venue because that association does not have the capacity to sue and be sued. *Id.*

  Plaintiffs have clarified that AFT–MD is an unincorporated 501(c)(3) organization that has been certified by the Maryland Public Employee Relations Board to represent Maryland public employees in bargaining with the State. ECF 28 at 1–2. "Maryland law provides that unincorporated associations have the right to sue and be sued." *Id.* at 2 (quoting *Benn v. Seventh-Day Adventist Church*, 304 F. Supp. 2d 716, 723 (D. Md. 2004)) (cleaned up); Md. Code Ann., Cts. & Jud. Proc. § 6–406(a) (Maryland law stating same); Fed. R. Civ. P. 17(b)(3) (capacity to sue and be sued is a question of state law; any association may sue "to enforce a substantive right existing under the United States Constitution"). AFT–MD's principal place of business is located in Windsor, Maryland. ECF 28 at 3. No case law, in Maryland or otherwise, suggests that a union headquartered in Maryland would not reside in Maryland. *Id.*

  This Court agrees with Plaintiffs that venue in this district is proper under 28 U.S.C. § 1391(e). In lawsuits against government officials in their official capacities, Congress made clear that venue is proper in any district where a plaintiff resides. *Id.* As Plaintiffs have shown, AFT–MD has the capacity to sue and be sued and resides in Maryland. That is the end of the venue inquiry.

  This Court continues to weigh whether Maryland is the most convenient forum for this litigation under 28 U.S.C. § 1404(a), given the dearth of facts relating to Maryland in the Complaint and the Amended Complaint. As this Court noted in its March 20, 2025 letter, it will consider arguments by either party that another district is a more convenient forum when it

American Federation of Teachers, *et al.*
v. Department of Education, *et al.*
Civil Case No. SAG-25-628
March 24, 2025
P a g e | **2**

considers the anticipated motion for preliminary injunction, which will presumably incorporate additional facts regarding Plaintiffs' claims.

Because this Court has granted the motion for leave to file excess pages, ECF 13, by separate order and has provided the guidance contained in this letter, no conference is required at this time. Plaintiffs' motion seeking such a conference, ECF 23, is therefore DENIED. Despite the informal nature of this letter, it is an Order of the Court and should be docketed accordingly.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge