**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| **American Federation of Teachers,** *et al.*, <br><br> Plaintiffs, <br><br> **v.** <br><br> **U.S. Department of Education,** *et al.*, <br><br> Defendants. | **Civil Case No. 1:25-cv-00628** |

**PLAINTIFFS' SUPPLEMENTAL RESPONSE IN SUPPORT OF
MOTIONS FOR PRELIMINARY INJUNCTION**

Plaintiffs American Federation of Teachers, American Sociological Association, American Federation of Teachers-Maryland, and Eugene School District 4J respectfully submit this response to the Court's questions at the conclusion of the April 18, 2025, hearing on their pending motions for preliminary injunction. *See* Dkts. 31, 37.

*Authority and Basis for Ordering Restoration of Previous Guidance*

Plaintiffs ask the Court to require Defendants to restore guidance on discrimination and non-discriminatory activities that schools and educators may engage in under Title VI.  Dkt. 14; Am. Compl., ¶ 33, n. 10; ¶ 75, n. 21; ¶ 85, n. 22 and n. 23; 108, n. 28 (describing specific guidances removed). Dkt. 31, Motion for Preliminary Injunction at 1-2 (requesting restoration of guidance). Defendants removed these materials from the Department's website and did not identify which guidance materials were removed in the Dear Colleague Letter or elsewhere. Restoring the guidance is necessary to preserve the status quo that existed before the Dear Colleague Letter was issued.  Under the Administrative Procedure Act, moreover, agencies are required to make publicly

1

available all policies and interpretations that have been adopted by the agency. 5 U.S.C. § 552(a)(2)(b).

Based on the positions Defendants have taken in the litigation, they cannot object to this request for three reasons. First, Defendants' core contention in this litigation is that the DCL "does no more than reiterate the agency's interpretation of Title VI." Opp. at 17. Plaintiffs are aware of no statement rescinding preexisting guidances or interpretations. If Defendants have not publicly rescinded the previous guidances and interpretations, there was no reason to remove them; thus, removal was improper.

Second, as counsel for the Department stated repeatedly during the hearing, Title VI investigations and determinations are highly fact-specific. These guidance documents provide dozens of detailed examples showing how curriculum and instructional methods, affinity groups, mentoring programs, and other school programming can comply with Title VI–or might run afoul of Title VI. Beyond the reliance interests that educators have in decisions made on the basis of this guidance, the absence of such guidance only compounds the vagueness stemming from the Letter and forces them to "fly blind" now.

Third, if Defendants' position is that they may overwrite guidance published during previous administrations, at a minimum they need to clearly rescind the guidance and advise the public accordingly. Best practices identified by the Administrative Conference of the United States specify:

> Agencies should provide the public with access to a comprehensive set of its guidance documents—either on the dedicated guidance document webpage or other webpages—in accordance with its written procedures . . . Agencies should keep guidance documents on their websites current. To the extent a website contains obsolete or modified guidance documents, it should include notations indicating that such guidance documents have been revised or withdrawn. To the extent feasible, each guidance document should be clearly marked within the document to show whether it is current and identify its effective date, and, if appropriate, its

2

rescission date. If a guidance document has been rescinded, agencies should provide a link to any successor guidance document.

Administrative Conference Recommendation 2019-3, Public Availability of Agency Guidance Documents, adopted June 13, 2019, https://www.acus.gov/sites/default/files/documents/2019-3%2C%20Public%20Availability%20of%20Agency%20Guidance%20Documents.pdf (last visited Apr. 19, 2025).

Attached hereto as Ex. 1 is a list of the guidance documents Plaintiffs ask the Court to restore.[1]

*Anticipating Final Judgment*

Should the Court find for the Plaintiffs on their claims under the Administrative Procedure Act, Plaintiffs believe that, at this time, they are entitled to the relief sought in their motions, including a stay of the Dear Colleague Letter and the Certification demand, under 5 U.S.C. § 705.[2] If Defendants advise the Court that there is no administrative record associated with this action, Plaintiffs believe that the could can proceed to summary judgment on an expedited basis and that the briefing could be limited to issues not previously addressed by the parties.

If there is an administrative record, expedited production of the record would be appropriate, allowing the parties to present and address any new facts in the record, after which the Court could issue a ruling under 5 U.S.C. § 706.

---

[1] Dozens of resources related to racial harassment have been removed from the Department's public sites January 2025. *See* Dkt 31-1 at 29 n. 27. Plaintiffs' request to the Court is limited to guidance documents Plaintiffs discussed in the Complaint and briefing that were published post-*SFFA*.

[2] Should the Court find for the Plaintiffs on their constitutional claims, Plaintiffs believe they are entitled to a nationwide preliminary injunction under Federal Rule of Civil Procedure Rule 65.

Respectfully Submitted,

*/s/* Brooke Menschel
Brooke Menschel (Bar No. 31492)
Madeline H. Gitomer (Bar No. 31518)
Victoria S. Nugent (Bar No. 15039)
Andrew Bookbinder (Bar No. 31486)
Kali Schellenberg**
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
bmenschel@democracyforward.org
mgitomer@democracyforward.org
vnugent@democracyforward.org
abookbinder@democracyforward.org
kschellenberg@democracyforward.org
*Counsel for Plaintiffs*
** Admitted *Pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court of the United States Court of the District of Maryland by using the CM/ECF system. I also certify that the foregoing document is being served on Defendant's counsel of record and that service will be accomplished by the CM/ECF system.

This 20th day of April, 2025

/s/ Brooke Menschel
/s/ Brooke Menschel
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
bmenschel@democracyforward.org