IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMERICAN FEDERATION OF TEACHERS, *et al.*<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, *et al.*<br><br>    Defendants. | Case No. 1:25-cv-00628-SAG |

**DEFENDANTS' RESPONSE TO THE COURT'S APRIL 18, 2025, REQUEST FOR ADDITIONAL INFORMATION REGARDING FINAL JUDGMENT AND REMEDIES**

Defendants, United States Department of Education, Linda McMahon, Secretary of Education, and Craig Trainor, Acting Assistant Secretary for the Office for Civil Rights, Department of Education, ("Defendants") by and through undersigned counsel, Kelly O. Hayes, United States Attorney for the District of Maryland, and Ariana Wright Arnold, Assistant United States Attorney, hereby submit this Response to the questions posed of counsel for the parties at the April 18, 2025 hearing on the Motions for Preliminary Injunction (ECF 31 and 27).

For the reasons stated below, the Plaintiffs are not entitled to the broad relief they seek, and additional briefing should be permitted prior to the entry of final judgment on the merits.

*Administrative Record*:

At the hearing the Court asked whether, if the matter were to proceed to the merits, the Agency would file an Administrative Record. There is no administrative record; since the DCL (and FAQ) guidance meet the definition of an interpretive rule none is required. *See Fiscus v. Thomas*, No. 10-cv-910-MO, 2011 WL 2174025, at *4-5 (D. Or. 2011) (canons of statutory

construction and common sense lead the Court to conclude that agency guidance which does not require notice and comment procedures does not require creation of an administrative record comparable to that resulting from notice and comment procedures). As such, Defendants do not intend to file an Administrative Record if this matter proceeds to a final decision on the merits.

***Remedies***:

During the hearing, the Court asked the Plaintiffs about their request for relief which seeks not only revocation of the February 14, 2025 DCL, and FAQ, but *reinstatement and reposting* of the former guidance on ED's website. Specifically, the Court asked whether that earlier guidance was subject to notice and comment rule making. Plaintiffs stated they were not sure. The record however, is clear; none of the guidance, (two 2023 Dear Colleague Letters and related FAQs, and a 2024 Strategies Memo and related Fact Sheet) were issued after notice and comment rule making, and none had the force and effect of law.

As the Supreme Court has aptly noted, "[b]ecause an agency is not required to use notice-and-comment procedures to issue an initial interpretive rule, it is also not required to use those procedures when it amends or repeals that interpretive rule." *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 101 (2015) (finding that notice and comment rule making were not required when DOL's Wage and Hour Division withdrew a prior opinion letter that concluded that mortgage-loan officers fell within administrative exemption from Fair Labor Standards Act's (FLSA) overtime and minimum wage requirements, and replaced it with an updated opinion).[1] *See also Abington Mem'l*

---

[1] In *Perez*, DOL issued an opinion letter in 2006 finding mortgage loan officers except from certain overtime rules. Four years later, DOL altered its interpretation of the FLSA's administrative exemption as it applied to mortgage-loan officers; reviewing the provisions of the 2004 regulations and judicial decisions addressing the administrative exemption, in 2010 DOL issued a new opinion letter concluding that mortgage-loan officers did not qualify for the administrative exemption, and withdrew its 2006 opinion letter, which it viewed as relying on "misleading assumption[s] and selective and narrow analysis" of the exemption example in the applicable regulations. Like its many predecessors, the 2010 opinion was issued without notice or an opportunity for comment. *Perez* at 98–99.

*Hosp. v. Burwell*, 216 F. Supp. 3d 110, 136 (D.D.C. 2016) (rejecting plaintiffs claim that since new guidance significantly differed from prior guidance it should have gone through notice and comment procedures, even though plaintiff acknowledged that earlier guidance was an interpretive rule, and did not go through notice and comment procedures) citing *Perez*.

Based on these holdings, since the DCL and FAQ *and their many predecessors*, were issued without notice and comment, ED is entirely within its authority to revoke the 2023 guidance, as well as any other earlier guidance on Title VI.  As such, even if the Court grants injunctive relief with respect to the 2025 DCL and FAQ which are the subject of this lawsuit, it should not reinstate earlier ED guidance; that guidance was interpretive, and was issued without notice and comment, and ED was entirely within its authority to revoke it.

With respect to the scope of the relief requested, as noted in Defendants' Opposition at ECF 42, any relief ordered by the Court should be limited in scope to those issues which the Court finds Plaintiffs have standing to challenge, and to Plaintiffs' members.[2]  As previously noted by this Court, the district court is bound to draw preliminary relief narrowly, and to avoid issuance of nationwide injunctions absent the most extraordinary circumstances.  *Casa de Maryland v. Wolf*, 486 F. Supp. 3d at 971. Plaintiffs here have not argued, or demonstrated such extraordinary circumstances here.

---

[2] While the scope of relief "rests within the sound discretion" of the Court, the relief granted should carefully address the circumstances of the case. *Casa de Maryland, Inc. v. Wolf*, 486 F. Supp. 3d 928, 970 (D. Md. 2020), *order dissolved sub nom*. *Casa de Maryland, Inc. v. Mayorkas*, No. 8:20-CV-2118-PX, 2023 WL 3547497 (D. Md. May 18, 2023).  Such relief should be no more burdensome than necessary to provide complete relief to the plaintiffs and the court need not grant the total relief sought by the applicant but instead may mold its decree to meet the exigencies of the particular case. *Id*. citing *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994); *Trump v. International Refugee Assistance Project*, 582 U.S. 571, (2017).

3

*Conversion of the Hearing on the Motions to a Trial on the Merits:*

While neither party made such a request, at the hearing the Court indicated it might consolidate the hearing on the motions for preliminary injunction with a trial on the merits under FRCP 65(a)(2). While such consolidation is permitted by Rule 65, "before consolidation . . . the parties should normally receive clear and unambiguous notice to that effect either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases." *AttorneyFirst, LLC v. Ascension Ent., Inc.*, 144 F. App'x 283, 287 (4th Cir. 2005) citing *Wright & Miller*, Federal Practice and Procedure, ¶ 2950, p. 488 (1973).

As the parties and Court noted during the hearing, cases challenging agency action are typically decided on cross-motions for summary judgment. If the Court is inclined to issue a final judgment in this matter without any additional hearings, the Defendants request that a schedule for motions or cross-motions for summary judgment be set, in accordance with a schedule consistent with the Local Rules or as agreed upon and approved by the Court. This would be appropriate as neither party has fully briefed the issue of remedies with respect to a final judgment.

Dated: April 21, 2025

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _____/s/_____
Ariana Wright Arnold
DMD Bar No. 23000
Charles R. Gayle
DMD Bar No. 14706
Assistant United States Attorneys
36 S. Charles St., 4th Floor
Baltimore, Maryland 21201
Ariana.Arnold@usdoj.gov
(410) 209-4813 (direct)
charles.gayle@usdoj.gov
(410) 209-4845 (direct)
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of April, 2025, a copy of the foregoing Response was efiled and thereby served electronically on all parties and counsel receiving service via CM/ECF in this case.

/s/
Ariana Wright Arnold
Assistant United States Attorney