IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **American Federation of Teachers,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **U.S. Department of Education,** *et al.*, <br><br> Defendants. | Civil Case No. 1:25-cv-00628 |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, Plaintiffs American Federation of Teachers, American Sociological Association, American Federation of Teachers-Maryland, and Eugene School District 4J, move for summary judgment in their favor to prevent Defendants from causing further irreparable harm to Plaintiffs, their members, and educators and students around the country. As set forth in more detail in the memorandum of law in support of this motion, Defendants' actions violate the First and Fifth Amendments of the U.S. Constitution, and numerous provisions of the Administrative Procedures Act.

Plaintiffs request that the Court:

(i) Enter summary judgment in Plaintiffs' favor on Counts 1-6;

(ii) Vacate the following agency actions:

1) Dear Colleague Letter of February 14, 2025, U.S. Department of Education (the "Letter"); and

  2) "The Reminder of Legal Obligations Undertaken in Exchange for Receiving Federal Financial Assistance and Request for Certification under Title VI and SFFA v. Harvard", (the "Certification") dated April 3, 2025.

(iii) Enter declaratory relief stating the following:

  1) Any signed Certifications are null and void;

  2) The Letter is unlawful;

  3) The Certification is unlawful;

  4) Activities, policies, and programs concerning diversity, equity, inclusion, or social justice are not *per se* or presumptively illegal under Title VI or the Equal Protection Clause;

  5) Curriculum and classroom speech concerning race, diversity, equity, inclusion, or social justice are not *per se* or presumptively illegal under Title VI or the Equal Protection Clause; and

  6) Race neutral means of increasing diversity are not *per se* or presumptively illegal under Title VI or the Equal Protection Clause.

(iv) Order Defendants, and their officers, agents, servants, employees, attorneys (whether employed by the Department of Education or the Department of Justice) and other persons who are in active concert or participation with any of them (collectively, the "Enjoined Parties"), to take no steps to (1) initiate or further any investigation or assessment of compliance, or (2) pause, freeze, impede, block, cancel, or terminate any federal funding, awards, contracts, or obligations, or impose other civil or criminal penalties (collectively, "Enforcement Steps") against any education institution or individual, on the basis or authority of the following documents:

1) Dear Colleague Letter of February 14, 2025, U.S. Department of Education (the "Letter");

2) "Frequently Asked Questions About Racial Preferences and Stereotypes Under Title VI of the Civil Rights Act," that intend to answer questions raised in response to the Letter, U.S. Department of Education, issued February 28, 2025 (the "FAQs"); and

3) "The Reminder of Legal Obligations Undertaken in Exchange for Receiving Federal Financial Assistance and Request for Certification under Title VI and SFFA v. Harvard", (the "Certification") dated April 3, 2025;

(v) Order that the Enjoined Parties shall take no Enforcement Steps against any educational institution or individual on the basis of, or in furtherance of any statement, "understanding," or "interpretation of federal law" in the Letter, FAQs, or Certification to the extent:

1) this Court has found such an interpretation, understanding, or statement unlawful; or

2) it is inconsistent with Department of Education Title VI regulations, 34 C.F.R. § 100.1 *et seq*, including safe harbors codified at 34 C.F.R. 100.3(b)(6) and 34 C.F.R. § 100.5(i).

(vi) Order that the Enjoined Parties are enjoined from implementing, giving effect to, or reinstating the Letter, the Certification, and the unlawful statements and interpretations therein under a different name;

(vii) Further order that the Enjoined Parties are enjoined from taking any Enforcement Steps against an entity or individual, on the basis of an entity's failure to sign the Certification.

(viii) Further order that this Permanent Injunction applies to and binds Defendants and all other persons, including any other federal executive branch agencies, departments, and commissions, and their heads, officers, agents, and subdivisions that assume responsibility for the Department's enforcement of civil rights laws against educational institutions or any other Department duties or responsibilities.

This relief shall apply to the maximum extent provided for by Fed. R. Civ. P. 65(d)(2).

A proposed Order accompanies this Motion.

Dated: June 5, 2025

Respectfully submitted,
/s/ Kali Schellenberg
Kali Schellenberg (Bar No. 31582)
Brooke Menschel (Bar No. 31492)
Madeline H. Gitomer (Bar No. 31518)
Victoria S. Nugent (Bar No. 15039)
Andrew Bookbinder (Bar No. 31486)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kschellenberg@democracyforward.org
bmenschel@democracyforward.org
mgitomer@democracyforward.org
vnugent@democracyforward.org
abookbinder@democracyforward.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court of the United States Court of the District of Maryland by using the CM/ECF system. I also certify that the foregoing document is being served on Defendant's counsel of record and that service will be accomplished by the CM/ECF system.

This 5th day of June 2025

/s/ Kali Schellenberg
Kali Schellenberg
