IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **AMERICAN FEDERATION OF TEACHERS,** *et al.*,<br><br>    Plaintiffs,<br><br>  **v.**<br><br>**UNITED STATES DEPARTMENT OF EDUCATION,** *et al.*,<br><br>    Defendants. | **Case No. 1:25-cv-00628-SAG** |

*CORRECTED*[1] **MOTION TO EXTEND TIME NUNC PRO TUNC,**
**MOTION TO VACATE ORDER AT ECF 92,**
**MOTION FOR RECONSIDERATION AND TO ALTER OR AMEND**

Counsel for Defendants hereby files this motion under Rules 6, 54, 59(e) and 60(b) of the

Federal Rules of Civil Procedure ("FRCP"), and Local Rule 105.10.  For the reasons that follow,

the Court should grant the motion and: vacate order at ECF 92, accept this filing as a response to

the Plaintiffs' motion for  fees, and provide the Plaintiffs 30 days to respond to the motion for

reconsideration and/or to amend to enable the parties to confer to attempt to resolve the fees issue.

**I.  Legal Standards**

Under Rule 59(e), a court may alter or amend a final judgment for the following reasons:

"(1) to accommodate an intervening change in controlling law; (2) to account for new evidence

not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins.

Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).  Rule 59(e), therefore, permits a

district court to correct its own errors, sparing the parties and the appellate courts the burden of

---

[1]    Defendants earlier filing neglected to include the Plaintiffs' position on the motion to extend time as required by Local Rule 105.9.  Plaintiffs' position appears on pages 7-8, below.

unnecessary appellate proceedings. *Pac. Ins. Co.*, 148 F.3d at 403. The moving party bears the burden of establishing one of the three grounds for reconsideration. *Loren Data Corp. v. GXS, Inc.*, 501 F.App'x. 275, 285 (4th Cir. 2012). The district court has considerable discretion in deciding whether to modify or amend a judgment under Rule 59(e). *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008).

Under Rule 60(a), the Court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. Amendment of an EAJA award is proper where a motion to alter or amend is filed seeking amendment of an earlier award of fees based on the Court's failure to address issues which go to the heart of a plaintiff's ability to secure the fees awarded. *See Hogan v. Bisignano*, No. 1:22-cv-135, 2025 WL 2443534, at *1 (M.D.N.C. Aug. 25, 2025) (granting Motion to Alter or Amend Judgment pursuant to FRCP 59(e) and/or 60(a); amending previous order granting attorney's fees and expenses awarded under EAJA). *See also Miles v. Colvin*, No. 5:12-CV-74-BO, 2014 WL 3720403, at *1 (E.D.N.C. July 24, 2014) (granting Rule 59(e) motion filed by defendant where court found that some hours included in plaintiff's EAJA motion which it had previously granted were not compensable under EAJA or were unreasonable), citing *Guthrie v. Schweiker*, 718 F.2d 104, 108 (4th Cir. 1983) (on petition for EAJA fees the court may consider only services rendered in connection with judicial not administrative proceedings).

## II. Relevant Facts

This Court entered a final judgment in this case by order dated August 14, 2025. ECF 83, 84. The order granted Plaintiffs' motion for summary judgment, ECF 66, as to Counts One, Two, Three, Five, and Six and denied it as to Count Four; granted the government's motion for summary judgment, ECF 72, as to Count Four, and denied the government's motion on all other counts. ECF 84. The order also specifically vacated the February 14, 2025 "Dear Colleague Letter" under the

APA, 5 U.S.C. § 706; and vacated the "Reminder of Legal Obligations Undertaken in Exchange for Receiving Federal Financial Assistance and Request for Certification under Title VI and *SFFA v. Harvard"* under 5 U.S.C. § 706. *Id*.  The Court declined to grant any other relief sought by the Plaintiffs, including further injunctive or declaratory relief. *See* Opinion and Order at ECF 83, 84; Second Amended Complaint, "PRAYER FOR RELIEF," ECF 76 at Pages 56-57 of 58.

A "protective" notice of appeal was filed in this matter at the request of the U.S. Department of Justice ("DOJ"), on October 13, 2025, during the lapse in government funding in order to preserve the government's right to file an appeal and ensure time to confer with counsel from the appellate section, nearly all of whom were furloughed. In light of the lapse in funding, appellate counsel agreed to extend the deadline to file an opening brief to January 22, 2026.

On January 22, 2026, appellate counsel at DOJ dismissed the appeal; that dismissal was approved by the Fourth Circuit, and a Mandate was issued the same day. ECF 89, 90. Plaintiffs filed a motion seeking an award of attorneys' fees in this Court on February 20, 2026. After receiving no response on or before March 6, 2026, without any prompting by Plaintiffs, and just 18 days after the due date, on March 24, 2026 the Court issued a two sentence order stating that "[u]pon consideration of Plaintiffs' Motion for Attorneys' Fees and all papers filed in connection with the Motion, and with no opposition having been filed, it is hereby ORDERED that Plaintiffs' Motion for Attorneys' Fees is GRANTED."

### III. The Court Should Grant Defendants' Motion to Extend Time *Nunc Pro Tunc*.

The Defendants respectfully request that this Court grant the instant motion to extend time, *nunc pro tunc*, and accept this filing as a Response to the Plaintiffs' Motion at ECF 91, seeking an award of Fees under EAJA.

The Court has the discretion to grant a motion for extension of time on a motion made after the time has expired if the party failed to act because of excusable neglect. FRCP 6(b)(1)(B).

Under Local Rule 109.2(a), Defendants' response to the motion for fees was due 14 days after it was served absent any extension. The deadline for a response was therefore March 6, 2026. Defendants' motion is being filed on March 26, 2026, and therefore seeks an extension of time *nunc pro tunc* of <u>20 days</u>.

"Excusable neglect" is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond control of movant; "it may include delays caused by inadvertence, mistake or carelessness, at least when the delay is not too long, there is no bad faith, no prejudice, and the movant's excuse has some merit." *Lee v. ITT Standard*, 268 F. Supp. 2d 315, 330 (W.D.N.Y. 2002), report and rec. adopted in part sub nom. *Est. of Lee v. ITT Standard*, 268 F. Supp. 2d 356 (W.D.N.Y. 2003) (acceptance and consideration of deposition transcript 30 days after deadline based on excusable neglect was warranted where there was no indication that the delay was the result of bad faith, and there was no prejudice).

The decision of whether or not something qualifies as excusable neglect is left to the discretion of the district court who is in the best position to determine the effect on the proceedings. *Yesudian ex rel. U.S. v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001) (decision to permit late filing was consistent with standard for excusable neglect where district court noted the general preference for resolving matters on the merits, as well as lack of prejudice or material effect on the proceedings).

Here, the sequence of events qualifies as excusable neglect, there is no evidence of bad faith, and there is no evidence of prejudice. The motion seeking fees was filed on February 20, 2026. Counsel for Defendants immediately forwarded the motion to the U.S. Department of Education (the "Agency") and indicated an intent to seek additional time to respond in order to provide counsel and the Agency time to review it in further detail, to determine whether there were significant objections to be made, and to determine whether it might be possible to resolve the

matter without the need for fully briefing.  Just six days later, counsel for Plaintiffs sent a letter to an attorney at the U.S. Department of Justice who had never entered an appearance in this case, providing a deadline of March 4, 2026 for the government to respond with any interest in resolving the matter.  Counsel exchanged a few email messages with Plaintiffs' counsel on February 26 and 27, 2026 about whether fees had also been sought in the three other "Dear Colleague Letter" cases in D.C., New Hampshire and Massachusetts. Plaintiffs' counsel responded and indicated they were not aware of the status of any such issues and did not represent any of the parties in those matters.

Given the procedure required to engage in settlement discussions, even with respect to fees issues, undersigned counsel *intended* to secure an extension of time of 30 days.  The extension was necessary in order to provide sufficient time to find out the status of the three other similar cases, confer with the Agency, analyze the billing records provided by Plaintiffs' counsel to determine whether the parties could reach a resolution without further briefing, and determine what if any settlement recommendation counsel would make. In order to secure approval to even engage in settlement discussions, counsel must confer with the Agency, then secure authority from both the Agency and the Civil Chief. That requires both consultation and preparation of a recommendation including an analysis of the issues.

In late February, counsel was in the process of doing just that in another case that also involved actions taken by the U.S. Department of Education (regarding grant terminations), the filing of a Motion for Preliminary Injunction, a hearing and ruling on that motion, and then a ruling after full briefing on summary judgment. One of the Defendants in that case was also the U.S. Department of Education. *Child Trends, Incorporated et al v. U.S. Department of Education*, 8:25-cv-01154-BAH.  In that case, the parties first agreed to extend time for the government to respond, and then to a stay to seek resolution of the motion without further briefing. Due to the similarity

and timing as well as a number of other factors described below, in early March, counsel mistakenly thought that a motion to extend time had *also already been filed* in this case.

There were several additional factors that resulted in this mistake. *First*, during that time counsel in the Civil Division of the U.S. Attorney's Office were handling a deluge of immigration habeas cases; there were days where more than 20 new cases were filed in this district in a single day. In many of those cases, the government is required to participate in an on-the-record call within 48 hours to address motions to show cause or for a Temporary Restraining Order and establish a schedule for expedited briefing. If briefing is required, the briefing schedule typically provides only 5-7 days for the government to respond. Those cases require considerable effort, including securing relevant information, documents and declarations from one or more federal agencies. In addition, the law in the area changes nearly every day. At that time, most of the Judges in this district were also requiring in-person or telephone hearings in these cases with respect to any emergency motions, as well as hearings to resolve the habeas petition and any motions filed by the government. There were weeks during that time-period when counsel had daily court conferences or hearings, and three briefs due in a single week, in addition to work on other non-immigration cases, as noted below.

*Second*, in addition to handling 25-30 immigration habeas matters at a time, counsel also maintained a docket of 20-30 defensive cases, including, *inter alia*., cases challenging executive agency decisions, employment discrimination and tort cases in active discovery, and FOIA and APA cases. This was not just a case of confusion due to ordinary scheduling conflicts or a busy caseload. Undersigned counsel has been practicing law for more than 30 years, 15 of those during two different time periods as a Civil AUSA. Over the past few months, the pace of the practice and the number of emergencies that have required immediate attention on a daily basis has been extraordinary. Counsel regularly worked 8-12 hours days, six days a week. During the 32 days

between February 20 when the Plaintiff's motion was filed, and March 24, 2026, when the Court entered the order granting the motion, according to a Pacer report pulled today, undersigned counsel logged more than *440 actions* in Pacer.

*Third*, on March 11, 2026, counsel's mother-in-law died unexpectedly, resulting in the need to take several days of leave. In fact, counsel was supposed to have a motions hearing before this Judge in an immigration habeas case on March 13, 2026. Due to the death in the family two days earlier counsel was absent from work on March 13, so the hearing was handled by the Civil Chief so that undersigned counsel could attend to family matters. *See D.R. v. Noem, et al,* Case No. 26-v-00456-SAG.

The above *extraordinary* circumstances, as well as the history of the relevant proceedings, and the lack of *any evidence* of bad faith by counsel, clearly demonstrate excusable neglect under FRCP 6(b)(1)(B). Further, given the arguments made below, Plaintiffs are not prejudiced by permitting the late filing of a response to the fees motion as Defendants have alternatively filed a motion for reconsideration, less than 48 hours after the Court entered a brief order on their motion.

As discussed below, this motion also seeks reconsideration and/or to alter or amend the Court's judgment of March 24, 2026. Based on the arguments presented, the Defendants have stated several valid and important reasons for the Court to either vacate its order of March 24, 2026, or grant the motion for reconsideration and alter or amend the order under FRCP 54, 59(e) and 60(b) and Local Rule 105.10.  Further, based on concerns about the absence of certain findings in the Court's order, *both parties* would benefit from an order which includes findings which would satisfy the requirements of EAJA and FRCP 54 – that factor demonstrates a lack of prejudice.

**Plaintiffs' Position**: In accordance with Local Rule 105.9, counsel for Plaintiffs was contacted regarding their position on the proposed motion to extend time *nunc pro tunc*.  They indicated that: "Plaintiffs oppose this motion in light of the government's documented awareness

of Plaintiffs' fee petition and failure to indicate to the Plaintiffs any interest in settlement negotiations until after the Court issued its order granting Plaintiffs' fee petition."

For the reasons stated above, in light any absence of bad faith, in light of the information presented above explaining the reasons for the error, and the lack of any prejudice, the Court should grant Defendants' request to extend time under FRCP 6(b)(1)(B), extend the time for Defendants to respond to the Plaintiffs' motion through March 26, 2026, and accept this filing as a timely response to the Plaintiffs' motion for fees.

### IV. The Court Should Vacate, Alter or Amend the March 24, 2026 Order to Ensure Compliance with EAJA and FRCP 54 and Ensure any Award is Reasonable.

### A. The Court's Order Does Not Include Findings Required for an EAJA Award.

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, permits non-profits and other entities with fewer than 500 employees who have a net worth of less than $7,000,000 at the time the action was filed to recover attorneys' fees if they prevail in a civil action against the government *if, and to the extent, **a finding is made*** that the government's position in the matter was not "substantially justified." Whether or not the position of the United States was substantially justified shall be determined on the basis of the record in the civil action for which fees and other expenses are sought. 28 U.S.C. § 2412 (d)(1)(B).  A party seeking an award of fees must submit to the court an application that shows that the party is a prevailing party and is eligible to receive an award under the statute, the amount sought, and an itemized statement from any attorney representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. *Id*.

Fees recoverable under EAJA include "reasonable attorney fees" – such fees shall not be awarded in excess of $125 per hour <u>unless</u> ***the court determines*** that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

Here, the Court's order simply states that the Plaintiffs' motion is granted. It ***does not include any findings*** which would permit an award in excess of the statutory limit of $125 an hour due to "an increase in the cost of living or a special factor." While the hourly rate may be adjusted to take into account the cost of living, such an adjustment is discretionary, not mandatory. *May v. Sullivan*, 936 F.2d 176, 177-78 (4th Cir. 1991). Deviations from the statutory cap should be rare. *Pierce v. Underwood*, 487 U.S. 552 (1988).  *See Atlantic Fish Spotters Ass'n v. Daley*, 205 F.3d 488, 491 (1st Cir. 2001) (explaining that $125/hour cap is generally "designed to hold down the government's costs by providing modest compensation, with exceptions").

Given the lack of *any findings* justifying an upward departure from the statutory rate,  the Court's Order as issued is insufficient to justify an EAJA award that is calculated based on an hourly rate in excess of that set by the statute. *See Sealy, Inc. v. Easy Living, Inc*., 743 F.2d 1378, 1385 (9th Cir. 1984) (a fee award should be <u>vacated</u> where it appears that the district court simply "accepted uncritically" a plaintiff's representations concerning the reasonableness of the fees and time expended). Courts should be cognizant of the fact that the taxpayer that is ultimately footing the bill under EAJA. *American Petroleum Inst. v. EPA*, 72 F.3d 907, 912 (D.C. Cir. 1996).

Given the absence of any of the findings necessary for an upward adjustment of the hourly rate, the Court's order should be amended to adjust the EAJA fees award and reduce it to reflect the maximum statutory hourly rate of $125.  Using that rate, and factoring in the reduction of 50% (based on the fact that only half of the Plaintiffs are eligible for EAJA fees),[2] the maximum award would be 1,257 hours ÷ 2 =  628.50 hours x $125/hour for a total of  <u>$78,562.50</u>. As such, if the Court determines it is not inclined to vacate its order, the award of fees should be amended and reduced to <u>$78,562.50</u> to reflect EAJA's statutory hourly rate.

---

[2]      *See* Plaintiffs' Memorandum in Support at ECF 91-2, Page 14 of 15 (reducing their fees by 50% based on the admission that they can only seek fees based on the rate of eligible plaintiffs.

**B. The Court Did Not Make Findings Required by FRCP 54(d)(2)(C).**

Rule 54 of the Federal Rules of Civil Procedure, like the District of Maryland's Local Rules, provides that a motion seeking attorneys' fees must be filed within 14 days, unless a statute provides otherwise. Here, Plaintiffs contend EAJA is just such a statute. Nevertheless, Rule 54 also requires that: "the court must, on a party's request, give an opportunity for adversary submissions on [a] motion [for attorneys' fees] in accordance with Rule 43(c) or 78. The court may decide issues of liability for fees before receiving submissions on the value of services. The court must find the facts and state its conclusions of law as provided in Rule 52(a)." FRCP 54(d)(2)(C).

While the Court need not hold a full hearing on a motion for fees, in order to award of attorneys' fees, the Court must "find the facts and state its conclusions of law." FRCP 54(d)(2)(C). The Order entered by the Court on March 24, 2026 simply does not do that. For that additional reason, the Court should withdraw or vacate that order, examine the issues raised by Defendants in this filing, and if appropriate, issue a ruling that includes findings satisfy both EAJA and FRCP 54, including the findings and reasons for the award, such that both parties are able to determine whether or not they wish to seek an appeal.

**C. Plaintiffs' Fees Are Not "Reasonable" and Should be Reduced.**

Under EAJA, if the statutory criteria are met, a plaintiff is entitled to "reasonable attorneys' fees." There are several measures used by Courts to determine whether or fees are reasonable under the circumstances – Plaintiffs fee records fall short of these standards in several respects.

<u>Block Billing</u>:

There are a number of time entries where three or more tasks are included, or tasks related

to preparing or revising a pleading and meetings with an unidentified "team" are all bundled together. This type of "block billing" is impermissible, as it does not permit the opposing party or the Court to parse out portions of the entry that may include time that is not compensable. *See Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004). In *Role Models*, the D.C. Circuit collected cases finding inadequate detail in fee applications when the general subject matter of the billing entries was not disclosed or where entries were made merely for time spent in teleconferences or meeting when the purposes of those entries were not provided. *Id*. at 971. *See also Welch v. Metro. Life Ins. Co*., 480 F.3d 942, 948 (9th Cir. 2007) (district court had the authority to reduce hours that were "billed in block format …block billing makes it more difficult to determine how much time was spent on particular activities."). Block-billing is disfavored because, if some tasks are not reimbursable, the court cannot "verify[ ] that [the party] deducted the proper amount of time." *Pursuing Am.'s Greatness v. Fed. Election Comm'n*, 463 F. Supp. 3d 11, 20 (D.D.C. 2020), citing *Role Models*, 353 F.3d at 971.

Here, the block billing entries present precisely the issue identified in *Role Models*. For example, one block billing entry for March 14, 2025, is for 6.25 hours and includes two research tasks, as well as two entries regarding a meeting with another attorney, and review of internal correspondence. *See* Entry for 3/14/2025, Maddy Gitomer, ECF 91-6 on page 10 of 27. As discussed in further detail below, Plaintiffs cannot recover for all of the many *many* internal meetings and conferences they had with two, three or more attorneys, and should not be able to recover fees for reading internal email correspondence. Because these entries contain block billing, it is not possible to parse permissible time from that which is not permissible or reasonable. For all of those entries where the time is not split and allocated for each task, the time included in that entry should be stricken or reduced. *See Pursuing Am.'s Greatness v. Fed. Election Comm'n*, 463 F. Supp. 3d 11, 20 (D.D.C. 2020) (block billing descriptions were inadequate since they did not

11

permit the court to determine whether the amount of time spent on a particular task was reasonable; where that is the case, the fees simply should not be charged to the taxpayers), citing *In re Donovan*, 877 F.2d 982, 995 (D.C. Cir. 1989).

The entries highlighted in yellow on the Plaintiffs' billing records all contain block billed time and therefore do not represent reasonable fees.

Excessive Internal Meetings and Conferences

Plaintiffs staffed this case with at least six different attorneys; their bills include frequent internal meetings, and instances where they billed for time conferring with other attorneys and the "team" and reading "internal" email messages. While they are certainly free to staff the matter however they see fit, they cannot bill for all of these internal meetings, sometimes *multiple times a day*, *for hours*. Strategy and planning meetings which include multiple attorneys are simply not part of a reasonable award of attorneys' fees. *See Am. Wrecking Corp. v. Sec'y of Lab.*, 364 F.3d 321, 329 (D.C. Cir. 2004) (significant reduction of fees was required for attendance at multiple strategy and planning meetings, and for meetings and teleconferences without any indication of their subject matter). *See also Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) (denying compensation for duplicative billing); *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (remanding for more detailed findings regarding hours "reasonably expended" on this action"); *Oklahoma Aerotronics v. United States*, 943 F.2d 1344, 1347 (D.C. Cir. 1991) (disallowing claims for "excessive, redundant, or otherwise unnecessary charges"); *United States v. One Star Class Sloop*, 546 F.3d 26, 43 (1st Cir. 2008) (affirming reduction of fees based on overstaffing). *See also See Role Models*, 353 F.3d at 971 (finding inadequate entries "for time spent in teleconferences or meetings—over one hundred in total—the purposes of which are not provided").

The multiple and excessive meetings to confer among and between the six lawyers who worked on this matter are highlighted in green, some of them overlap with the block billing entries referenced above.

Meetings with and/or Directing the Work of Non-Attorney Staff:

Attorney time spent meeting with and directing the work of litigation "support staff" or "litigation support" is not compensable.  That is considered part of counsel's overhead costs and cannot be included in an award of attorneys' fees. Overhead expenses, or the work of support staff, are not compensable under EAJA. *Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 974 (D.C. Cir. 2004). The Plaintiffs also are not permitted to recover for clerical tasks like organizing a filing, preparing a checklist or filing with the court, preparing binders or "managing" a filing. *See, e.g., McKinney v. Kijakazi*, 2022 WL 17342880, at *1 (W.D.N.C. Nov. 30, 2022); *Jermaine G. v. Kijakazi*, 2023 WL 5346140, at *5 (D. Md. Aug. 21, 2023). There are also multiple entries that say "meeting with team" – it is unclear whether those included in the "team" included support staff.  Tasks that are clerical in nature or include meetings with or directing the work of clerical or "litigation support" staff are highlighted in pink and are not part of a reasonable fee award.

Issues Not Raised, Discussions with Parties Who Did Not Provide Declarations:

Plaintiffs' time entries include research into D.C. law, and meetings with parties who neither joined as Plaintiffs, nor provided a declaration in support of their claims.  This time should be disallowed as not part of a reasonable fee award.  Where a court does not address or consider claims or issues, fees should not be awarded for work on them. *Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010). Entries highlighted in blue appear to fall into this category and are not part of any reasonable award for attorneys' fees.

**D. The Fact that the Court Ruled in Favor of Plaintiffs Does Not Mean that *None* of the Government's Positions Were Substantially Justified.**

Plaintiffs' Motion simply refers to the Court's rulings, and states in conclusory fashion that the government's position was not substantially justified.  This essentially amounts to an *ipso facto* argument, which has been rejected by the Courts.  A "loss on the merits does not mean that legal arguments advanced in the context of our adversary system were unreasonable." *Taucher v. Brown-Hruska*, 396 F.3d 1168, 1174 (D.C. Cir. 2005). The government's position "can be substantially justified even if a court ultimately determines the agency's reading of the law was not correct." *Aronov v. Napolitano*, 562 F.3d 84, 94 (1st Cir. 2009) (*en banc*).

## V.  CONCLUSION

For the reasons set forth above, Defendants ask that the Court grant their motion to extend time *nunc pro tunc*, accept this filing as a response to the Plaintiffs' motion for fees, vacate the Court's order at ECF 92, and give Plaintiffs 30 days from the date of that order to respond to the issues raised herein, and 14 days for Defendants to Reply.

Dated:    March 26, 2026

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By:  /s/ *Ariana Wright Arnold*
Ariana Wright Arnold
DMD Bar No. 23000
Assistant United States Attorney
36 S. Charles St., 4th Floor
Baltimore, Maryland 21201
Ariana.Arnold@usdoj.gov
(410) 209-4813 (direct)

*Counsel for Defendants*

14

**CERTIFICATE OF SERVICE**

The forgoing Motion was efiled via the Court's CM-ECF system and thereby served on counsel of record.

/s/ *Ariana Wright Arnold*
*Ariana Wright Arnold*
Assistant United States Attorney

15